JUDGE CARR.
This is a Writ of Right. The Demand-ants, in the form prescribed by the Act of Assembly, count of a tract' of land, to which they set out by metes and bounds, and say that they have right to have the said tenement with the appurtenances, and offer proof that such is their right. The Tenants come and defend the right, &c. ; and after describing the tenement in the words of the count, they put themselves on the Assize, and pray that recognition be made, whether they have greater right to hold the tenement aforesaid with the appurtenances, as they now hold it, or the said W. Garrard, and Frances his wife, W. Barnes and Sarah his wife, James Bream, Thomas Bullitt and Alexander Bullitt, to have as they now demand it. And the Demandants, in like manner, put themselves upon the Assize, and pray recognition to be made, whether they have greater right to hold the tenement aforesaid, *as they demand, or the said Tenants, as they hold it. The mise being thus joined, a Jury were sworn, the truth to say, whether the Defendants have more right to hold the said land and appurtenances, which the Demandants claim against them, by the said Writ of Right, or the Demand-ants to have it, as they demand.
I have stated the pleadings thus specially, to show in the clearest light, the single point in issue, upon which the parties have staked their rights; to which the evidence and the Jury are tied down; to which, and to which alone, the verdict must respond. That point is simply an enquiry into the mere right; a comparison of the title, whether the Tenants have more right to *632 hold, or the Demandants to have, the land in controversy.
How have the Jury answered this enquiry? They find, “that the Demandants have more right to have the tenement which they demand against the Defendants, by their Writ of Right, than the Defendants have to hold the same.”. .If they had stopped here, there could not have been the shadow of a doubt. They had fully discharged themselves of the issue in the very terms of their oath. But they go on, and find two other facts, the influence of which on the cause, they submit to the Court: 1. That Alexander Bullitt, one of the Demand-ants, was dead before the institution of the suit, leaving children ; 2. That Bream, who claims a part of the land in controversy, under a' Deed from Mrs. Huie, was not in possession by authority of any of the representatives of C. Bullit, previous to the execution of that Deed; and also that Mrs. Huie was not in actual possession, when she executed that deed, but was in legal possession of the title to her distributable part of the said land.
Upon this verdict, the Court below rendered Judgment for the defendants; and this Judgment, if it stands, will be an eternal bar to the claims of all and each of the demandants; for, the Books all tell us, that when once the .mise is joined on the mere right, the Judgment must be final. Thus*Co. Hitt. 295, b. “Seeing the mise is joined on the mere right, albeit, the verdict of the Grand Assize be given upon another point, yet Judgment final shall be given. And so it is, if the Tenant, after the mise joined, make default, or confess the action, or the Demand-ant be non suit; and yet, in none of these cases, they of the Grand Assize gave their verdict upon the mere right.” Does it not seem a strange anomaly, that where the whole and sole enquiry, the Jury could, under their oaths, make, was, whether the Tenants or Demandants held the better right to the land, and where they have explicitly answered, that the Demandants had the better right, a Judgment should be entered, the effect of which is, that the Tenants have the right, and that this Judgment should be final and conclusive upon the right? Let us examine the nature of the two facts, which have wrought this startling effect.
Matter of defence is either in abatement, or in bar. Where it goes to destroy the cause of action, it is in bar. Where it merely defeats the present proceeding, and does not show that the Plaintiff is forever concluded, it is in abatement. This definition shows at once, that the facts added by the Jury to their verdict, present matter in abatement, for, that one of tne De-mandants was dead at the issuing of the Writ, or that Bream held in common with others, could never destroy the cause of action, though if properly pleaded, either might defeat the present proceeding. Matter in abatement is either intrinsic, appearing in the Writ, Declaration, Replication, or some pleading of the Plaintiff; or it is extrinsic. Por intrinsic matter, the Court will, ex ofScio, abate the suit. Hx-trinsic matter is such as either de facto I abates the suit, or such as- renders it abateable. Of the first sort, is the death of the Demandant, or one of the several Demandants in a Writ of Right, pending the action; and at whatever stage of the suit, this fact comes to the knowledge of the Court, they will abate the suit. Carr v. Carter, and Drago v. Stead, in our books are cases of this kind. But, the death of a party *before the commencement of a suit, is a fact which does not, of itself, abate the Writ, but only falsifies and renders it abateable by plea, put in, in due time, and proper form. If the Defendant, passing by the fact of such death, pleads generally, or as here, joins the mise on the mere right, he thereby acknowledges that the party is in life, and forever precludes himself from taking advantage of his death, in any manner or form. So of the second fact found, that Bream was not in possession previous to the Deed of Mrs. Huie, and that she had only a legal possession, it is evident that by this finding, the Jury meant to present the question, whether, under such circumstances, the Deed conveyed the title of Mrs. Huie; and it is equally clear, (and indeed was conceded at the bar,) that any conveyance, whether at Common Law or Statutory, would, under such circumstances, carry the title.
But, it was relied on, that this finding was important in another point of view; that it showed, that Bream held as tenant in common with the other Demandants, and could not, therefore, properly join with them in the action. However true this may be, it is most clear, that it is extrinsic matter, purely in abatement, and not abating the Writ, but rendering it abateable only: that as such, it should have been pleaded before the mise joined, and could never be touched afterwards. Suppose, that after the mise joined, the tenants had made formal application to the Court, to be permitted to plead both these matters in abatement. Would it not have been gross and palpable error in the Court to have received such plea? The Books all tell us so. But, if it could not have been pleaded, is it not most strange to suppose, that it might on the trial of the mise have been given' in evidence, when the issue was wholly different, and the opposite party having no notice, could not be prepared to rebut it, though he might have known of twenty witnesses who could directly disprove it? On this point, I refer to the case of Bolling v. The Mayor of Petersburg, 3 Rand. 563, and the cases there cited. *But, these facts have been found; they form a part of the verdict ; and the question is, what shall we do with them? I answer without hesitation, reject them as surplusage. The verdict, without them, is a perfect answer to the issue. These facts are wholly out of it, and ought not to prevent a Judgment for the Demandants. It is settled Law, founded on the soundest and clearest reason, that the verdict is void so far as it goes out of the issue. Thus, in Poster v. Jackson, Hobart, S3, it is said, “Pirst lay this for a ground, that if the Jury find any thing that is merely out of the issue, that such *633 verdict, for so much, is utterly void and of no force though it conclude in general for or against the Plaintiff or Defendant; .whereof the reason is plain, which is, that the Juror are triers of matter of fact put in issue between the parties, and their oath, which contains their commission, is, that they shall truly try the issue between party and party. So that whatsoever they do try besides the issue is per non juratos: as a causa judged by the Court that hath no jurisdiction of the cause, is corarn non judice, and utterly void; for, a verdict must not be to the action that might have been pleaded, but to the issue which is pleaded, and in their charge. And if that other point had been pleaded, it might have had another answer and evidence. And so upon the matter, if that extravagant part of the verdict be false, it is no perjury, neither doth an attaint lie upon it.” The reason here seems to me most conclusive. Again, 1 Dev. 66, cited Com. Dig. tit. “Pleader,” S. 18, it is said, “If a verdict finds matter out of the issue, it is void for so much, though the matter out of the issue destroys the Plaintiff’s title.” Again, Co. Ditt. 227, a. “But, if the Jury give a verdict of the whole issue, and of more, &c., that which is more is surplusage, and shall not stay Judgment; for, utile per inutile non vitiatur. But, necessary incidents required by Daw, the Jury may find.” 21 Vin. Abr. D. 9, 2, PI. 8. “If the Jury find the issue and more, the surplusage is void.” PI. 9. “Where surplusage is found by ^verdict in Assize, as jointenancy, &c., which abates the Writ, yet this is only surplusage when it is not pleaded, and shall not prejudice the Plaintiff.” These authorities put the point beyond question. I refer also, as well on this, as the other legal positions taken before, to the many Authorities collected by my brother Green, which I have examined, and know to be correctly stated.
Upon the whole, I am clearly of opinion, that the Judgment of the Court below be reversed, and final Judgment entered for the Demandants.
judge: green.
The pleadings having been made up, and the mise joined in the usual form, as prescribed by the Act of Assembly, the Jury found that the Demandants have more right to have the tenement as they demand it, than the Tenants have to hold it; unless the right of the Demandants to recover, is affected by two facts; 1st, that one of the Demandants was dead before the emanation of the original Writ, leaving children, his heirs; and 2dly, that one of the Demandants received a conveyance for H. G. Huie for her distributable share of the land in controversy, when he was not in possession, under, or by authority of any of the legal representatives of C. Bullitt, and when the said Huie was not in actual possession of the land, but was in legal possession of her title to her distributive share.
The obvious purpose of finding the last of these facts was to submit to the Court the question, whether H. G. Huie, being entitled to a distributable part of the land in question, and having conveyed her interest therein to one of the Demandants, when she was not in actual possession, and when he was not in possession under the legal owners, her Deed passed her title. If not, it is cleat that all the Demandants were not entitled as they claimed to be, and the question would have arisen, whether, in that case, even those who were entitled could have had any judgment? *The question, however, on that point does not arise, since it is clear that H. G. Huie’s Deed passed her title, whether it was by feoffment with livery of seisin, (as could hardly be the case; for, in that case, she would have been in actual possession at the time of the conveyance,) or by Deed of bargain and sale, or lease and release, or covenant to stand seised to uses, or otherwise; for, no adverse possession being found, she had a legal seisin, which might be transferred to another by any Common Daw or Statutory conveyance; and the seisin, so transferred, was sufficient, under our Act of Assembly, to maintain a Writ of Right. But this finding shows, that whether she was seised in parcenary with the other Demandants, (as is implied by the finding) or Jointly, or in common, her grantee must have been a Tenant in common with the other Demandants; all of whom are found to have better right than the Tenants. And it is equally clear, that Tenants in common cannot properly join in a Writ of Right; and a joint Writ, alleging a joint right in them, is false. So the other finding, that one of the Demandants, who, if aiive, would have had title, was dead before the emanation of the Writ, leaving children who were his heirs, also falsified the Writ. Either of these facts might have been pleaded in abatement of the Writ, and if they can now be taken notice of, a Judgment of abatement, or a final Judgment upon the right, in favor of the Tenants, must be the consequence.
To determine whether these facts, brought in this form to the notice of the Court, can be properly assumed as the foundation of their Judgment, an attention to some of the settled doctrines of the Daw in respect to abatements, is necessary.
Matter of abatement is either intrinsic, appearing on the face of the Writ, or shown by the pleadings on the part of the Plaintiff; in which case, the Court will, ex officio, abate the Writ or suit, as the nature of the matter of abatement, so appearing, may require, and at any stage of the suit at which it is brought to the attention of the Court in *any way, even after verdict on the general issue, unless cured by the pleadings or verdict; or it is extrinsic, which can only be shown by plea in abatement, or suggestion, to the Court either by one of the parties or an amicus curias; and the party making such a suggestion, makes it, not as a party, but as amicus curias. Of these extrinsic matters of abatement, some only make the suit abateable; and they must be pleaded in due time or they cannot be afterwards available to him in any possible way. In all such cases, extrinsic matter of abatement, existing before the suing out of the *634 Writ, and before the proper time for pleading in abatement,' must be then pleaded, 'or they can. never after be pleaded or insisted on; and such matter thereafter arising, must be promptly pleaded puis darrien continuance, or the party loses the benefit of the plea forever. Other extrinsic matters of abatement are such as abate the suit de facto, and these after the Defendant has lost the right of pleading them, being made known to the Court at any stage of the cause, and in anyway, abate the suit; and if not made known to the Court, and Judgment be given either for Plaintiff or Defendant, such matter may be assigned upon a Writ of Error, as error in fact, for which the Judgment would be reversed. And finally, the same matter may, in some cases, be pleaded in abatement or in bar, at the election of the Defendant.
Considering the death of one of the De-mandants before the suing out of the Writ, and the several tenancy of the De-mandants, found by the Jury in this case, for the present, as matters going only in abatement of the suit, which is their effect as they are presented to the Court? They are extrinsic matters, and such as do not, (as the death of a party pending the suit does,) de facto abate it. Nothing existing before the suing out of the Writ can de facto abate the suit, since it only falsifies the Writ, and makes it abateable, and that only by a timely p¡ea in abatement. After pleading in bar, no plea in abatement is admissible, unless it be of something which has happened since the last continuance, *and which makes the suit abateable only, and does not ipso facto abate it. The tenants, therefore, could not, after joining the mise, avail themselves of these facts by plea, although the3' might have done so, upon their first appearance; anda Judgment for the De-mandants generally, although one of them was dead at the institution of the suit, could never be impeached upon the allegation of those facts, since nothing can be assigned as error upon a Writ of Error, which might have been pleaded in the original action.
Does the finding of these facts, by the Jury, vary the case, and make it the duty of the Court to consider them as properly upon the record? I think not. Although a Jury may find, upon the trial of the general issue, or any other, against an estoppel operating in respect to a matter involved in the issue, yet it is perfectly well settled, that they can in no case find, to any effectual purpose, any matter not within the issue which they are charged to try. If they do, the Court is bound to reject such finding as surplusage ; and if the verdict be otherwise sufficient to justify a Judgment, then to give such Judgment, as would be proper, if there had been no such finding of matter out of the issue. This rule is founded on the best reasons. The parties cannot be supposed to come to trial, prepared to give evidence as to any matter, except that put in issue; and no evidence, not tending to prove the very matter in issue,- can be properly allowed to go to the Jury. The finding of such collateral matter, must, therefore, be upon ex parte and illegal testimony, and is entitled to no respect whatever, .It has been held here, and in the Supreme Court of the U. States, upon the fullest consideration, that no matter of abatement can be given in evidence, upon the trial of the mise joined upon the mere right; and if we could, after the mise joined, give a Judgment of abatement, or any other than a final Judgment on the right, in any case except where the suit abates by matter which abates it de facto, or is pleaded in abatement puis darrein ^continuance, I should clearly think that we could not in this case. I refer to a few cases in a summary way relating to these various points.
Death of a Plaintiff before suit, pleaded in abatement. 1 Chitt. P., 441, and the cases there cited.
Several tenancy of one of the Demand-ants in mort d’ancetor, pleaded in abatement of the Writ, and admitted. 1 Vin. Abr. Z. a. Pl. 1.
If matter of abatement be extrinsic, the Defendant must plead it; if intrinsic, the Court will take notice of it themselves. Dockminique v. Davenant, 1 Salk, 220, and 1 Vin. Abr. “Abatement,” K. b. Pl. 8. If it appear, from the Writ itsélf, that it ought to abate, the Court will abate it ex officio, and that, even after verdict, as where, in Assize, no disseisor was named; in the Writ, and this noticed in the verdict. 21. Vin. Abr. “Trial,” P. f. Pl. 12.
Where Plaintiff or Demandant shows, by his pleading, that the Writ ought to-ábate, the Court will abate it ex officio. 1 Vin. Abr. “Abatement,” A. passim.
All matters of abatement, in and before the Writ, should be pleaded. Ibid. F. b. Pl. 19.
A man shall not take advantage of a plea of abatement of the Writ, after a plea in bar, where it does not appear to the Court that it ought to abate. But, if that appear, the Court ought to abate it ex officio; although the Defendant admits the Writ by pleading in bar. Roll’s Rep. 176. Anon."
Where a man pleads death pending the Writ, he shall not plead it after the last continuance; because this Writ is abated in fact. 1 Vin. Abr. “Abatement,” R. a. PI. 4.
Praecipe quod reddat against two who were essoigned at the summons, and made default at the day, by which grand cape issued; and at the day one appeared, and said that after the day of their default the other died. Judgment of the Writ. He shall have the plea without saving the default, because it proves that the Writ abated in fact. *Contra of entry (by the Plaintiff) after the last continuance or such like; for by this, the Writ is only abateable. Ibid. PI. S.
Court cannot abate an abateable Writ, without plea. Ed. Raym. Rep. 476, cited in Vin. Abr. “Error,” with approbation.
Where a Writ is abateable, as by join-tenancy, several tenancy, misnomer, or by taking baron by the Plaintiff pending the Writ, and the like: and the party pleads and admits it, (by not taking advantage of it by plea in abatement,) he shall not have Writ of Error after. But, when the Writ is abated, (de facto,) as by death pending *635 the Writ, and the party admits it, (as aforesaid,) yet, then he shall have Writ of Error after. X Vin. Abr. “Abatement,” U. a. Pl. 16.
Error in fact, (upon a Writ of Error,) was assigned, viz: that the Plaintiff was a feme covert at the time of the action brought. Sed non allocatur; because it might have been pleaded in abatement, and it is a general rule not to suffer that to be assigned for error in fact, which might have been taken advantage of by being pleaded in abatement. 10 Mod. 166, cited 9 Vin. Abr. “Error,” E. a. Pl. 10.
A verdict against the admissions of the parties express or implied in their pleadings, or out of the issue, is void as to so much; and the Court, disregarding such matter, will give such Judgment as, upon the pleadings, and so much of the verdict as is within the issue, may be proper. 21 Vin. Abr. “Trial,” P. f. PI. 14. A verdict finding matter of a abatement not in issue, held void for so much.
When the Jury find the issue and more, the surplusage is void, Ibid. D. g. 2, PI. 8; as where jointenancy, &c. which abates the Writ, is found by verdict in Assize, this is only surplusage when it is not pleaded, and shall not prejudice the Plaintiff. Ibid. PI. 9.
In waste, the Plaintiff declared that the Defendant made feoffment to the use of himself for life, remainder to the ^Plaintiff in fee. The Defendant pleaded that he was seised in fee, absque hoc that he made a feoffment. The Jury found, that he made feoffment to his use for life without impeachment of waste, remainder to the Plaintiff; and Judgment for the Plaintiff, because the finding of the provision of the feoffment without impeachment of waste, was out of the issue. Ibid. PI. 12; see too, Ibid. E. g. 4, PI. 3, where in maintenance against two, the Plaintiff, in his replication, admitted that the maintenance was several. Held, that this abated his suit, though the finding of the Jury to the same effect would not.
It was argued, however, that if the Tenants were precluded from availing themselves of the fact, that one of the persons named as a Demandant was dead, before the emanation of the Writ in abatement, the fact that he was dead, leaving children and heirs entitled to one twentieth undivided part of the land, was admissible in bar of the action; because the remaining Demandants, exclusive of him who was dead, had not right to the whole of the land, as they demand it. They do not allege that they had; but that they, and the other named as a Demandant, had right to the whole; and this allegation is true. The plea in bar was an admission on the record, that he was alive and competent to sue; which could not afterwards be controverted by the Tenants, in any form. This was an estoppel, against which they could not make any allegation, nor the Jury find with any effect. When, therefore, it was proved, that a right to one-twentieth part of the land had devolved upon, or in any way been acquired by, Alexander Bullitt, although it was competent to the Tenants to show', that he had transferred to some other his right, by his. own act, in bar of the demand asserted in his name, in this suit; they could not show in evidence, that his right had devolved by-his death on his children, since they had admitted on the record, that he was alive and capable of suing. Although a Jury may find the truth upon an estoppel in pais, as by Deed, if it be not pleaded ; yet they cannot find *against an “estoppel or admission in the same record in which the issue is joined,” Goddard’s Case, 2 Co. 4; nor in any subsequent suit between the same parties or their privies, can the Jury find against such an es-toppel, whether it be by express admission, or by an omission to deny an allegation in the pleadings in the former suit, “nient dedire.” Dicken v. Molland, Palm. 509; Sir H. Wallop’s Case, Ibid. 19, cited 21 Vin.. Abr. “Trial,” R. f. Pl. 1, n; see also, Vin. Abr. same title, C. q. Pl. 29, 30, 31. And to prevent this estoppel in any subsequent suit, is the only purpose of a protestation in pleading, which admits the fact protested against, for all the purposes of-the suit in which the protest is made. This case is therefore to be considered, as. if Alexander Bullitt was alive, both at the emanation of the Writ, and the trial of the issue, notwithstanding the finding of the Jury to the contrary; and the objection made on this ground, does not exist.
The remaining objection founded on this, finding is, that it appears upon the evidence necessarily offered by themselves, that the Demandants, who demand as-jointly seised or entitled, were in fact Tenants in common seised severally of the undivided proportions of the land in question, to which they respectively had right; and that as Tenants in common cannot join in a Writ of Right, the Demandants have not more right to have as they demand, than the Tenants to hold as they hold, according to the terms of the mise; the Tenants having a perfect right to hold, as they do, by virtue of their actual possession, against all who have not a right to have the land against them, as they demand it. This objection would have much plausibility, if this cause were to be decided upon the Common Daw, independent of our Statute; according to which, the Demandants, when there were several, were obliged to allege a joint or entire and actual seisin in themselves, such as parceners and jointenants had. Eor, if they alleged a several seisin, they thereby abated their suit; or, they must allege an actual seisin in their common ancestor, and show *that they were entitled to claim as his heirs. If they showed in their count, that any one of the Demandants claimed otherwise than as a parcener with the others, they would thereby also abate their suit. Being obliged to make such allegations, if upon the trial It appeared, upon their own evidence, that they were not true, and that some one of the De-mandants was a Tenant in common with the others, it might be said, with some plausibility, that they failed in the proof that they were entitled to have the subject-claimed, as they demanded it. Yet, no question upon a case of this sort has ever *636 occurred in England, as far as I can discover, as it surely must have done, if evidence upon the trial of the mise, that one of the Demandants, was a Tenant in common with the others, would have defeated the action, and entitled the Tenants to a final Judgment upon the right. Eor if so, it would have been extreme folly to plead several tenancy of the Demandants in abatement, which would have subjected the Tenant to new actions, founded on the same rights. Nor can I suppose it possible, that the Common Daw could have pérnlitted such a monstrous consequence, as that parties clearly entitled should lose their rights forever, in consequence of a misconception of the form of their action.
We are, I think, relieved from any difficulty on this question,-by the terms of our Act of Assembly prescribing the form of the count in the Writ of Right. This alleges no seisin either joint or several-by the Demandants or their ancestor; but, only that they have right to have the tenement in question ; an allegation fully supported by proof, that the Demandants, in exclusion of all others, have a right to the whole of the tenement demanded, no matter in what proportions or by what title, whether as Jointenants, Parceners, or Tenants in Common; the mannec in which they were entitled not affecting the question of their mere right.
I do not mean to insinuate, that our Statute has altered the Writ of Right in any of its fundamental principles. It *is still appropriate only to a claimant of an estate in fee simple, by the very terms of our Statute, and is a possessory action, founded on the" actual or legal seisin of the Demandant or his ancestor only; as appears from our Statute of Limitations. These essential matters, although not alleged in the count, are necessarily to be given in evidence, or the Demandant must fail. The principles of the Common Law, also, requiring that Tenants in common shall sue severally and not jointly, and jointenants, jointly and not severally, and parceners, in some cases jointly, and in some severally, and that jointenants and parceners shall be sued jointly, and several tenants severally, are all in force. But these being matters of abatement, are only available by plea in abatement, and if not so pleaded, cannot be insisted on after the mise joined on the mere right, in any form whatever, since they do not affect the question of mere right.
The Judgment should be reversed, and final Judgment be given for the Demand-ants.
JUDGE CABELL, concurred, and the Judgment was reversed.*